IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| NORBERTO FERNANDEZ HERNANDEZ, | § § § § | |
| Petitioner, | | |
| v. | § § § § § § | 2:21-CV-145-Z-BR |
| UNITED STATES OF AMERICA, | | |
| Respondent. | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION TO DENY RELIEF**

Petitioner, Norberto Fernandez Hernandez, filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 by a person in federal custody. Having considered the motion, the response, the record, and applicable authorities, the undersigned concludes that relief should be DENIED.

**BACKGROUND**

The record in the underlying criminal case, No. 2:19-CR-070-Z, reflects the following:

On April 25, 2019, Petitioner was named in a one-count indictment charging him with possession with intent to distribute 500 grams and more of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii). (CR ECF 10). Petitioner entered a plea of not guilty. (CR ECF 15). On August 30, 2019, Petitioner was named in a one-count superseding information charging him with possession with intent to distribute a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). (CR ECF 28). Petitioner and his counsel signed a written waiver of indictment, (CR ECF 24), a plea agreement, (CR ECF 25), and a factual resume. (CR ECF 26). The factual resume set forth the elements of the

offense charged by the superseding information and the stipulated facts establishing that Petitioner had committed the offense. (CR ECF 26). The plea agreement set forth the penalties the Court could impose, admonishing Petitioner that the sentence would be solely in the discretion of the Court and that no one could predict what it might be or what effect the guidelines might have. (CR ECF 25). It further reflected that Petitioner's plea was knowing and voluntary and that Petitioner waived his right to appeal or otherwise challenge his sentence except in certain limited circumstances. (*Id.*).

On September 27, 2019, Petitioner appeared to enter a plea of guilty to the superseding information. (CR ECF 34). Petitioner testified under oath to the facts establishing that his plea to the superseding information was knowing, voluntary, and intelligent (CR ECF 76) and the Court so found. (*Id.*; CR ECF 34; CR ECF 36). The probation officer prepared the presentence report, which reflected that Petitioner's base offense level was 38. (CR ECF 39, ¶ 28). He received a two-level enhancement for possession of a dangerous weapon. (*Id.* ¶ 29). He received a two-level and a one-level reduction for acceptance of responsibility. (*Id.* ¶¶ 35, 36). Based on a total offense level of 37 and a criminal history category of I, Petitioner's guideline range was 210 to 262 months; however, the statutorily-authorized maximum sentence was 20 years, so the guideline range became 210 to 240 months. (*Id.* ¶ 65). Petitioner filed objections (CR ECF 41), and the probation officer prepared an addendum to the PSR. (CR ECF 42). Shortly thereafter, Petitioner filed a motion for appointment of new counsel (CR ECF 47) and his attorney filed a motion to withdraw. (CR ECF 48). Petitioner's only complaint was that he felt that he had been coerced into pleading guilty so that his charge could be changed to a "mule charge," which he had been told could not be accomplished. (CR ECF 47). The Court granted the motion and appointed another attorney to represent Petitioner. (CR ECF 50).

On July 23, 2020, the Court sentenced Petitioner to a term of imprisonment of 120 months, granting Petitioner a minor role adjustment. (CR ECF 66; CR ECF 74). Petitioner did not appeal.

## GROUNDS OF THE MOTION

On July 6, 2021, Petitioner sought leave to file a motion under Section 2255. (ECF 1). The Court ordered Petitioner to file his motion on the proper form (ECF 3), and he filed his amended motion on August 16, 2021. (ECF 5). He raised as grounds that his guilty plea was involuntary and unknowing, that his counsel provided ineffective assistance, and that his conviction resulted from unlawfully obtained evidence. (*Id.* at 7). The motion referred to "Attachment Brief #1" and "Attachment Brief #3," but neither were attached. (*Id.*). The Court ordered the government to respond. (ECF 8). The government requested that Petitioner first be required to file the referenced attachments. (ECF 10). Petitioner then filed a motion to dismiss his motion so that he could start all over, admitting that the attachments referenced did not exist. (ECF 14). The government objected that any new motion would be untimely. (ECF 15). The Court denied the motion to dismiss and granted Petitioner leave to file a further amended motion limited to the grounds already raised and that related back to those grounds. (ECF 21). Petitioner filed his second amended motion raising the same three grounds. (ECF 22). Again, the motion referred to an attachment that was not included. (*Id.* at 7[1]). An attached note stated that the attachment would be sent "in a couple days." (*Id.* at 13). The Court never received the attachment.

## STANDARDS OF REVIEW

**A.  28 U.S.C. § 2255**

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to

---

[1] The page references to the second amended motion are to "Page __ of 14" reflected at the top right portion of the document on the Court's electronic filing system and are used because the typewritten numbers on the form filed are not the actual page numbers.

presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164-165 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack. *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517-18 (5th Cir. 1978)).

### B. Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); see also *Missouri v. Frye*, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; see also *United States v. Stewart*, 207 F.3d 750, 751

(5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

## **ANALYSIS**

In his first ground, Petitioner alleges that his plea was not knowing and voluntary because he did not understand the nature of the charge and the consequences of the plea. In addition, he says that his attorney told him his sentence would not be more than 86 months. (ECF 22 at 4). In his second ground, he alleges that he received ineffective assistance of counsel because there was no pretrial investigation, he was denied the opportunity for a suppression hearing, and counsel never presented Petitioner with discovery material. (*Id.* at 5). In his third ground, he alleges that his conviction was obtained by use of evidence that was unconstitutionally seized, again referring to the lack of a suppression hearing. (*Id.* at 7).

The entry of a guilty plea waives all nonjurisdictional defects in the proceedings, including all claims of ineffective assistance of counsel, except insofar as the alleged ineffectiveness relates to the voluntariness of the giving of the guilty plea. *United States v. Cavitt*, 550 F.3d 430, 441 (5th Cir. 2008); *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983). This includes claims regarding failure to investigate or challenge police misconduct or the like. *United States v. Glinsey*, 209 F.3d

386, 392 (5th Cir. 2000).

Here, Petitioner seems to contend that his plea was not voluntary because of the conduct of his counsel. However, his allegations are wholly conclusory and do not suffice to raise a constitutional issue. *Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983). *See United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993) (although pleadings of *pro se* litigants are liberally construed, they must still provide sufficient facts in support of their claims). In particular, conclusory allegations of ineffective assistance of counsel do not raise any constitutional issue in a federal habeas proceeding. *Miller*, 200 F.3d at 282. The petitioner must plead and prove the particular professional failure and show how, but for that failure, the result of the proceeding would have been different. *Knighton v. Maggio*, 740 F.2d 1344, 1349 (5th Cir. 1984).

One who alleges failure to investigate must allege with specificity what exculpatory evidence his counsel would have learned through the investigation. *United States v. Green*, 882 F.2d 999, 1002 (5th Cir. 1989). He must show that the evidence would have been material and beneficial to his defense. *Anderson v. Collins*, 18 F.3d 1208, 1221 (5th Cir. 1994). To the extent Petitioner alleges failure to investigate, he has not provided any support for such claim. To the extent he alleges that counsel failed to present him with discovery, he makes no attempt to show how that alleged failure had any impact whatsoever.

Petitioner complains about the failure to file a motion to suppress, but again the allegation is wholly unsupported. To the extent the complaint is presented as a freestanding ground, Petitioner's guilty plea waived his right to raise a Fourth Amendment challenge. *United States v. Cothran*, 302 F.3d 279, 286 (5th Cir. 2002). Moreover, Fourth Amendment claims are not cognizable under Section 2255 as they can and should be brought in the trial court and pursued on appeal. *Stone v. Powell*, 428 U.S. 465, 494 (1976); *United States v. Ishmael*, 343 F.3d 741, 742

(5th Cir. 2003). To the extent the complaint is presented in the context of ineffective assistance of counsel, Petitioner must prove that counsel's conduct fell below the objective standard of reasonableness and that his Fourth Amendment claim is meritorious. *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986). In addition, he must show that but for counsel's error, he would not have pleaded guilty but would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). He has made no attempt to do so here. The record reflects that officers had reasonable suspicion to stop Petitioner based on traffic violations. (CR ECF 39). *United States v. Lopez-Moreno*, 420 F.3 420, 430 (5th Cir. 2005). There is no reason to believe that any evidence could have been suppressed.

Any contention that the plea was not knowing and voluntary is belied by the record. Petitioner signed a plea agreement in which he acknowledged that he had reviewed the guidelines with his attorney and understood that no one could predict with certainty the outcome of the Court's consideration of the guidelines and that the sentence was wholly within the Court's discretion. (CR ECF 25). Further, Petitioner represented that his plea was made freely and voluntarily and was not the result of force or threats or promises apart from those set forth in the plea agreement. In particular, there had been "no guarantees or promises from anyone as to what sentence" the Court would impose. (*Id.* ¶ 11). In addition, Petitioner signed the factual resume in which he stipulated that he had transported and knowingly possessed 26.1 kilograms of methamphetamine with intent to distribute it. (CR ECF 26). Petitioner testified under oath that: he understood the charges against him and the penalties he faced; he had read, discussed with counsel, and signed the plea agreement; that he was not pleading guilty based on any promises by anyone other than those things written down in the plea agreement; no one had made any prediction or promise to him as to what his sentence would actually be; he understood that his attorney's opinion

7

or estimate of the guideline range was not a guarantee of the sentence he would receive; and, he had read, discussed with counsel, and signed the factual resume and everything in it was true and correct. (CR ECF 76).

Petitioner's solemn declarations in open court are entitled to a presumption of verity. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Likewise, his plea agreement and factual resume are entitled to that presumption. *Hobbs v. Blackburn*, 752 F.2d 1079, 1081 (5th Cir. 1985). For a defendant who seeks habeas relief on the basis of alleged promises inconsistent with representations he made in open court when entering his plea of guilty to prevail, he must prove: "(1) the exact terms of the alleged promise, (2) exactly when, where, and by whom the promise was made, and (3) the precise identity of an eyewitness to the promise." *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998). To be entitled to an evidentiary hearing, the defendant must produce "independent indicia of the likely merit of [his] allegations, typically in the form of one or more affidavits from reliable third parties." *Id.* "If, however, the defendant's showing is inconsistent with the bulk of [his] conduct or otherwise fails to meet [his] burden of proof in the light of other evidence in the record, an evidentiary hearing is unnecessary." *Id. See also United States v. Fuller*, 769 F.2d 1095, 1099 (5th Cir. 1985).

Here, Petitioner's guilty plea was knowing and voluntary and made with sufficient awareness of the relevant circumstances and likely consequences. *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005). Other than his conclusory allegation that the plea did not meet the test, he has made no attempt to show otherwise. And, he could not show prejudice, as there is no reason to believe that he would have insisted on going to trial but for counsel's representations or other failures. *Hill*, 474 U.S. at 56.

## RECOMMENDATION

For the reasons discussed herein, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the motion of Petitioner, Norberto Fernandez Hernandez, be DENIED.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Findings, Conclusion and Recommendation to each party by the most efficient means available.

IT IS SO ORDERED.

ENTERED December 18, 2023.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).