IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| NORBERTO FERNANDEZ HERNANDEZ | |
| Petitioner, | |
| v. | 2:21-CV-145-Z-BR |
| UNITED STATES OF AMERICA | |
| Respondent. | |

**ORDER ADOPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court are the findings, conclusions, and recommendation of the United States Magistrate Judge to dismiss the 28 U.S.C. § 2255 Motion to Vacate filed by Petitioner ("FCR") (ECF No. 26). No objections to the FCR have been filed. After making an independent review of the pleadings, files, and records in this case, the Court concludes that the FCR of the Magistrate Judge are correct. It is therefore **ORDERED** that the findings, conclusions, and recommendation of the Magistrate Judge are **ADOPTED** and the case is **DISMISSED**.

Additionally, the Court **DENIES** Petitioner's Motion for Certificate of Appealability ("COA") (ECF No. 29).[1] Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), and **ADOPTING** and **INCORPORATING** the Magistrate Judge's FCR, the Court finds that Petitioner has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" or "debatable

---

[1] Because the Motion to Vacate is governed by the Antiterrorism and Effective Death Penalty Act, codified as amended at 28 U.S.C. § 2253, a COA is a "jurisdictional prerequisite" before an appeal may proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)); *Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997) (noting that Sections 2254 and 2255 require a COA).

whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**SO ORDERED**.

January 18, 2024

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE